# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ROBERT EARL WALKER,

        Petitioner,               Case Number: 2:08-CV-11413

v.                               HONORABLE PAUL D. BORMAN

CARMEN D. PALMER,

        Respondent.
                           /

## OPINION AND ORDER TRANSFERRING CASE TO UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

Petitioner Robert Earl Walker is currently incarcerated at the Michigan Reformatory in Ionia, Michigan. He has filed a *pro se* petition for a writ of habeas corpus. For the reasons set forth below, the Court determines that this is a successive habeas corpus petition and, therefore, orders it transferred to the United States Court of Appeals for the Sixth Circuit, pursuant to 28 U.S.C. § 1631[1] and 28 U.S.C. § 2244(b)(3)(A).

In the pending petition, Petitioner challenges a conviction for bank robbery rendered in Wayne County Circuit Court. He is serving a sentence of 6-20 years.

On July 6, 2006, Petitioner filed a habeas corpus petition in this court challenging the same conviction challenged in the pending petition. The District Court denied the petition on the

---

[1] 28 U.S.C. § 1631 provides, in relevant part:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed . . .

merits.  See <u>Walker v. Palmer</u>, No. 06-cv-13050 (E.D. Mich. Feb. 7, 2008) (Cohn, J.).

Before a prisoner may file a habeas petition challenging a conviction already challenged in a prior habeas petition, the prisoner must "move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A). Petitioner has not obtained from the Court of Appeals for the Sixth Circuit authorization to file a second or successive petition in this Court.  The Sixth Circuit has held that "when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631."  <u>In re Sims</u>, 111 F.3d 45, 47 (6th Cir. 1997).

Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit.

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated:  April 14, 2008

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on April 14, 2008.

s/Denise Goodine  
Case Manager